UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-26737-CV-DIMITROULEAS

ERADIO RICARDO LEON,

Petitioner,

v.

U.S. IMMIGRATION AND
CUSTOM ENFORCEMENT,

Respondent.
_______________________________________/

**ORDER DISMISSING 28 U.S.C. § 2241 PETITION AS MOOT**

**THIS CAUSE** is before the Court on Petitioner, Eradio Ricardo Leon's ("Petitioner") *pro se* Petition for Writ of Habeas Corpus. [DE 1]. On September 29, 2026, the Court entered an order requiring Respondent, U.S. Immigration and Custom Enforcement ("Respondent"), by October 1, 2026, to either file a response to the Petition or release Petitioner on an order of supervision. [DE 4]. Respondent moved for an extension to release Petitioner by October 2, 2026, which the Court granted. [DE 5]; [DE 6]. On October 2, 2026, Respondent filed a Status Report informing the Court that Petitioner had been released from custody that same day on an order of supervision. [DE 7]. The Court has considered the Petition, the Status Report, the record, and is otherwise fully advised in the premises. After careful review, the Petition is **DISMISSED** as moot.

This Court's jurisdiction is limited to Article III of the Constitution's definition of "cases" or "controversies." *Soliman v. United States* ex rel. *INS*, 296 F.3d 1237, 1242 (11th Cir. 2002). "The doctrine of mootness derives directly from the case or controversy limitation because an action that is moot cannot be characterized as an active case or controversy." *Id.* at 1242 (quotation omitted). The case-or-controversy requirement applies through all stages of the litigation. *Lewis v.*

*Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

For a federal court to have subject matter jurisdiction over a habeas proceeding, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *accord Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). The "in custody" determination is made at the time the § 2241 petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Where, as here, an alien detainee files a section 2241 petition requesting release from detention or a bond hearing, his case becomes moot, and the court loses jurisdiction, once he is released from custody. *See Djadju v. Vega*, 32 F.4th 1102, 1107 (11th Cir. 2022).

Here, Petitioner satisfied the "in custody" requirement at the time he filed the Petition, but his subsequent release from custody has rendered her Petition moot. Petitioner sought release from ICE custody. [DE 1 at 8]. By way of its Status Report, Respondent informed the Court that Petitioner had been released. [DE 7]. Because he has now been released, the Court cannot grant such relief, and a case or controversy no longer exists. *See Djadju*, 32 F.4th at 1107 ("Djadju has asked the federal courts for only one form of relief: to be immediately released from custody as a result of his 'ongoing prolonged detention.' Since Djadju already has been released from custody, his prayer for relief has been satisfied."). Furthermore, no exception to the mootness doctrine exists because there is no indication that Petitioner will be returned to ICE custody in the future. *See id.* at 1109 ("[T]here's no reasonable basis for us to believe that Djadju will be re-detained unlawfully upon termination of this suit"); *Al Najjar*, 273 F.3d at 1336 ("The remote possibility that an event might recur is not enough to overcome mootness."). Accordingly, this Court lacks jurisdiction over

this case, and dismissal is required. *See Al Najjar*, 273 F.3d at 1336 ("dismissal is required because mootness is jurisdictional.").

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus [DE 1] is **DISMISSED** as moot.
2. This case is **CLOSED** and any pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of October 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record
Email: usafls-immigration@usdoj.gov
Email: usafls-2255@usdoj.gov

Eradio Ricardo Leon, Pro Se
A# 017668415
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194